## INDUSTRIAL COMMISSION v GAMERTSFELDER

Ohio Appeals, 9th Dist, Wayne Co

No 885.  Decided Oct 26, 1931

Gilbert Bettman, Columbus, R. R. Zurmehly, and Oscar A. Brown, Columbus, for plaintiff in error.

H. R. Smith and Daniel C. Funk, for defendant in error.

PARDEE, PJ.

We have carefully and fully read and considered the evidence contained in the transcript, and have examined the cases cited to us by the attorneys, and also other cases.

The evidence in this case shows that decedent died of cancer; that no one knows what causes cancer, but that it sometimes follows injuries or bruises.

If the evidence had shown that the decedent had had an injury or bruise on the outside of his body, where he held the brush handles against it when he gave the handle a push or jerk in attaching the bristles to the handle, we could readily see how there might be some connection between the injury or bruise and the cancer; but since the evidence fails to show such an injury or bruise of any kind—not even a red spot—on the outside of the body, we do not see how the pushing of the handle of the brush against the body could cause such injury inside the body, where the cancer was located. It would seem to us that the contention of plaintiff requires us to infer that the putting of the bristles upon the brush handle in the manner in which it was done, caused an injury on the inside of the body and the further inference that that injury caused the cancer, which would seem to be an inference upon an inference.

In view of the testimony that no one knows what causes cancer and that it is known that it sometimes follows where there is an injury or bruise, and that it may come from some source other than an injury or bruise, and there being no evidence of an injury or bruise upon the body, and after giving to the evidence the most favorable consideration in favor of the defendant in error, we are unanimously of the opinion that there is no evidence in the record which would justify the conclusion that the decedent's death was the result of an injury which he received which grew out of and was in the course of his employment with said company. As has been said, we have thoroughly analyzed the evidence, and it is our unanimous conclusion that the judgment will have to be reversed and a final judgment entered in favor of the plaintiff in error.

The defendant in error also insists that her motion filed in the Court of Common Pleas to strike the answer of the Industrial Commission from the files and for a judgment upon her amended petition, was improperly overruled, and that the order of the court permitting the Industrial Commission of Ohio to file a transcript of the evidence taken at the rehearing before the commission after the period provided by law had elapsed, was improperly granted, over the objection of said defendant in error.

The action including the plaintiff's right to recover in the instant case is not based upon a contract, but is a special proceeding and purely statutory. §1465-90 GC provides that it can be heard upon appeal in the Common Pleas Court only upon the evidence that was before the Industrial Commission and no other.

It is fundamental that in any action other than those mentioned in the civil code, there must be evidence other than the verified pleading to support the judgment.

2 C. C. 143, Pollock v. Pollock.

It is apparent that the provision of the statute requiring the Industrial Commission to file a transcript of the evidence taken before it, within ten days after it files its answer in the Common Pleas Court, is not a jurisdictional matter and that the time limit is primarily for the benefit of the appellant and to avoid delays and has no bearing whatever upon the right of the commission to file its answer, as it is not required to be filed with the answer but thereafter.

Since this is an action not based upon contract and is one that requires evidence to support a judgment and fix the amount, if any, found due, and since the only evidence upon which it might be based is the evidence taken before the commission, the appellant clearly had no evidence upon which a judgment for any amount could be suported until a transcript of the evidence taken before the commission was filed in Common Pleas Court.

We are therefore of the opinion that the trial court was right in overruling the motion to strike the answer from the files and permitting a transcript of the evidence to be filed, for otherwise, the burden of proof being upon plaintiff, and there being no evidence before the court, the only thing the court could have done in that event would be to dismiss the petition for failure of proof.

We are unanimously of the opinion that the court did not abuse its discretion in its rulings upon these motions. No prejudice resulted to the defendant in error thereby. The case was submitted to the court thereafter upon its merits, and after considering same, the trial court ruled in favor of the defendant in error.

For the reasons stated, the judgment of the trial court will be reversed, and final judgment entered for the plaintiff in error.

WASHBURN, J and FUNK, J, concur.